## MARSHALL FIELD *et al.*

*v.*

## LAVINIA A. HERRICK *et al.*

*Filed at Ottawa November 10, 1881.*

1. GUARDIAN—*leasing wards' land—approval by probate court.* A lease of property by a widow in her own right, and as guardian for her minor children, can not be avoided by the lessee for want of its approval by the probate court. A lease executed by a guardian in behalf of his wards for a term not exceeding their majority, is valid, unless disapproved by the probate court. The approval of that court is not essential to the validity of the lease.

2. LANDLORD AND TENANT—*prior tenant holding over\*—rights of the parties to the second lease.* A lessee can not have his lease set aside and be released from his covenants to pay rent, from the mere fact that a prior tenant, whose term has expired, holds over, without right. The lessee, having the right of possession, should take legal steps to obtain possession against such prior tenant.

3. SAME—*prior tenant in possession—acceptance of rent by landlord from second lessee.* Where the assignee of a lease makes an arrangement with a prior lessee holding over without right, dismissing a suit for possession, whereby the prior lessee is to pay the same rent the lessee was to pay, the payment of such rent for several months by such prior tenant to the agent of the lessor, and its acceptance by him as payment of rent under the last lease, is no cause for setting aside such last lease and discharging the last lessee from his covenants to pay rent.

4. LEASE BY AN INFANT—*who may avoid it.* A lease executed by a minor is not void, but only voidable at his election, and the lessee can not set up the disability of the lessor to defeat the lease or be relieved from its covenants.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. JOHN H. THOMPSON, for the appellants:

1. Mr. Myers, the agent, agreed with appellants to obtain the approval of the probate court to the lease, which was not done, and hence the lease was not operative and binding.

---

\* As to the character and extent of the liability of a tenant holding over, see *Clinton Wire Cloth Co.* v. *Gardner et al.* 99 Ill. 151.

2. Appellants, or their assignees, Hagedon & Boyle, were unable to obtain possession from a prior tenant of the appellees. It was not possible for Hagedon & Boyle to have succeeded in their suit, for the lease they held was not approved by the probate court, and the guardian had no authority to lease except with such approval. Rev. Stat. chap. 64, sec. 23; *Miller* v. *Benner, Guardian*, 69 Ill. 108.

That when a lessee is prevented from the beneficial enjoyment of his lease by the acts of his landlord, he is entitled to treat the lease as at an end, as these lessors did, can not be doubted. *Berrington* v. *Casey*, 78 Ill. 317.

3. When a tenant is substituted in place of the original lessee, and takes possession and pays rent, this operates as a discharge of the original lessee from all liability on the lease. Such an agreement may be inferred from the conduct of the parties. Taylor on Landlord and Tenant, secs. 314, 315; *Fry* v. *Partridge*, 73 Ill. 51; *Stobie et al.* v. *Dills*, 62 id. 432; *Amory* v. *Kannoffsky*, 117 Mass. 351; *Bedford* v. *Terhune*, 30 N. Y. 457; *Smith* v. *Niver et al.* 2 Barb. 180; *Thomas* v. *Cook*, 2 B. & Ald. 119; *Walker* v. *Richardson*, 2 M. & W. 882; *Dills* v. *Stobie et al.* 81 Ill. 202.

Mr. JOHN V. LE MOYNE, for the appellees:

1. There is nothing in the lease making the promise to pay the rent conditional, and it contains no stipulation that the lessors would obtain the approval of the court. If there had been any agreement made prior to the making of the lease, it was merged in the writing, and can not now be insisted upon to defeat the lease.

2. As to the second point, that the appellants or their assignees were unable to obtain possession, we say the lessors were only required to give the *right* of possession. The tenant alone can maintain an action for possession. *Gazzolo* v. *Chambers*, 73 Ill. 75.

3. The lessors did not accept Cox as their tenant, but refused to make any arrangement with him and release appellants.

4. A lease made by a guardian, extending beyond the minority of his ward, was once considered void; but the modern rule treats such leases as void only for the excess, at the election of the ward. Schouler on Domestic Relations, p. 471; Bacon Abr., Leases, 1; 2 Kent's Com. 228; 1 Washburne on Real Property, 307; *Rex* v. *Oakley*, 10 East, 494; *Putnam* v. *Ritchie*, 6 Paige, 390; *Field* v. *Schieffelin*, 7 Johns. Ch. 150; *Hedges* v. *Riker*, 5 id. 163; *Richardson* v. *Richardson*, 49 Miss. 29.

5. The lease was certainly not void, but, at most, voidable, and even if voidable at the option of appellants, because not approved, as they did not exercise such option before the lease was approved by the court they could not exercise it afterward.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Marshall Field and Levi Z. Leiter, against Lavinia A. Herrick, Anna M. Herrick, Elijah W. Herrick, and Sarah L. Herrick, to cancel a lease executed February 2, 1878, by the defendants, by the terms of which certain premises in the city of Chicago were leased to Field & Leiter, from the 1st day of March, 1878, to the 29th day of February, 1880. The bill prayed that the lease may be decreed to be at an end, and complainants may be decreed to be released and discharged from the covenants of the lease, and defendants may be enjoined from prosecuting any suit against the complainants on any covenant of the lease. The defendants put in an answer to the bill, a replication was filed, and a hearing had upon the evidence, which resulted in a decree dismissing the bill, which decree was affirmed in the Appellate Court.

The property embraced in the lease was owned by defendants, the widow and children of Elijah W. Herrick, deceased. The widow, Lavinia A. Herrick, had a dower interest in the property, and the fee was owned by Ann M., Elijah W., and Sarah L. Herrick, who were minors, Lavinia A. Herrick being their guardian. E. B. Myers acted as agent of the defendants in leasing the property.

It is first urged that there was an agreement on the part of appellees to have the lease approved by the probate court, which was not complied with. There is some evidence in the record that appellees agreed to have the lease approved by the probate court, but the decided preponderance of the evidence is the other way. Myers testified that during the negotiation for the lease he notified the parties that it could not be made for two years. His evidence on this point is as follows: "I said, I can not make a lease for two years, as one of the children will arrive at her majority about the first of June. I will make you a lease for Mrs. Herrick's interest and the two children for two years, and I will make you a short lease for the other child until June, when she will, undoubtedly, ratify the arrangement. Somebody, I think Borden, said that will be all right; you make the lease, and let that young Miss sign it, and we will take the chances. He said, of course you can not get the lease approved by the county court beyond the majority of the children." Borden was acting for complainants, and after the terms and conditions of the lease had been agreed upon, Myers says Borden walked over to his store and dictated the lease. It was signed by Anna Herrick, as Borden had requested. Again, the fact that the lease contains no provision that the lessees shall have it approved, in connection with the further fact that complainants accepted the lease and took and retained it in their possession without a word of objection that it was not approved, would seem to repel the presumption that appellees had agreed to have it approved.

It is next urged, that if the complainants, or their assignees, were unable to obtain possession of the premises on account of the invalidity of the lease, or the claim which Cox had acquired to the premises through the defendants, complainants were warranted in treating the lease as at an end, and are entitled to have it cancelled. It appears from the evidence that two leases were executed by the parties, the second one, however, to take the place of the first. The two differed only in this: the first was signed by Lavinia A. Herrick in her own right, and as guardian of Elijah W. and Sarah L. Herrick, minors, and the second lease was signed by Lavinia A. Herrick in her own right, and as guardian of Anna M., Elijah W. and Sarah L. Herrick, minors. Anna M. Herrick signed both leases in person. The lease was not approved by the probate court until August 20, 1878. Was it void for the reason that it was not approved? We think not. The lease was executed by Lavinia A. Herrick in her own right, and as to her interest there can be no doubt in regard to the validity of the instrument. Anna M. Herrick executed the lease in person. This she had the right to do, and as to her interest it was only voidable at her election; and as she never disaffirmed the act, the complainants in the bill can not set up her disability to defeat the lease. In regard to the other two owners of the premises, Elijah W. and Sarah L. Herrick, the lease was executed by their guardian. There can be no doubt in regard to the right of a guardian to lease the real estate of the ward,—it is not only the right, but the duty of the guardian to do so.

But is a lease made by a guardian void unless it is approved by the probate court? We do not think such a lease can be held void. Sec. 23, chap. 64, Rev. Stat. 1874, p. 561, declares that the guardian may lease the real estate of the ward upon such terms and for such length of time, not exceeding beyond the majority of the ward, as the county court shall

approve. All that can reasonably be claimed under this statute is that a lease made by a guardian may, when it is submitted to the probate court, be rejected and set aside by the court. Such a lease is not, however, void, but voidable merely,—it may be regarded as binding until the court should examine it and refuse approval.

It is, however, claimed, that Cox was in the possession of the premises as a tenant under a valid agreement with the defendants, and complainants had a right to treat the lease as cancelled, for the reason they could not obtain possession. This position is not sustained by the proof. It is true that Cox was in the possession of the premises and refused to surrender up the possession to complainants, but the evidence shows that his term had expired, and he was holding over without right. He went into possession under a written lease for a certain time, ending January 1, 1878. The lease contained a provision that he should deliver up the possession upon the expiration of his term, without notice. He claims that he had an agreement or understanding with Myers that he should have a lease for another year. Myers expressly denies that he ever made any such agreement, but even if he did, Cox could not hold possession upon a verbal agreement to execute a lease in the future; and this is all that can be claimed for the arrangement. If, however, there was any doubt upon this question, why was it that Hagedon & Boyle, to whom complainants assigned the lease, failed to prosecute the suit brought to recover possession, to final judgment? Under the lease the right of possession was in them, and had they prosecuted the action to final judgment, and been defeated by a prior lease set up by Cox, then they might have claimed, with much reason, that this lease was at an end. But this they failed to do. After having brought a suit they abandoned it, and dismissed their action.

But it is said that after an action had been brought to recover possession of the premises the defendants accepted

Cox as a tenant, and thus terminated the lease in question. This is a question of fact, to be determined from the evidence. It is not claimed that any new lease was made, or the lease to Field & Leiter surrendered or cancelled. Whatever was done rested entirely in parol. Nor do complainants contend that the defendants in person said or did anything in regard to the transaction. Whatever was done by defendants was done by Myers, acting as their agent. He testified, that "after the execution of the lease to Field & Leiter no agreement of any kind or nature was made by me or anybody for the Herrick estate, to my knowledge, that Cox should remain on the premises. * * * Asa wanted to let Cox remain in possession and pay the rent, which I declined, time and again." We think it is apparent from the evidence that an arrangement of some character was made between the attorney of Cox and the attorneys of Hagedon & Boyle, by which Cox should remain in the possession of the premises and pay the same rent which Field & Leiter had agreed to pay, and that the rent was actually paid for several months; but we do not think the evidence sufficiently connects Myers with the arrangement further than he received the rent, claiming that he received it under the lease to Field & Leiter.

In conclusion, we are of opinion that the evidence fails to show any ground whatever for equitable relief.

The decision of the Appellate Court will be affirmed.

*Decree affirmed.*