## Logan A. Gridley et al., Appellees, v. John H. Wood et al. Paul F. Beich, Appellant.

1. TENANCY IN COMMON, § 23*—*when tenant may not bind cotenants by lease.* One tenant cannot bind his cotenants by a lease of the whole estate without written authority from them to do so, unless such lease is ratified by them.

2. TENANCY IN COMMON, § 23*—*when ratification by cotenants of lease by one tenant presumed.* A ratification of a lease by one tenant in common of premises owned by tenants in common by cotenants will be presumed when the nonexecuting cotenants have knowledge of such leasing, make no objections thereto and share in the rents arising from the lease.

3. TENANCY IN COMMON, § 23*—*when ratification of lease by cotenant not presumed.* The rule that a ratification of a lease by one tenant in common of premises owned by tenants in common by the cotenants will be presumed when the nonexecuting cotenants have knowledge of such leasing, make no objections thereto and share in the rents arising from the lease, is inapplicable as to a cotenant who is not *sui juris* when the lease is made.

4. GUARDIAN AND WARD, § 23*—*when ward not bound by ratification of renewal of lease.* A conservator of a tenant in common, without authority from the County Court, cannot bind the ward by his consent to or ratification of a renewal of a lease of the premises by another tenant in common.

5. TENANCY IN COMMON, § 23*—*when cotenant leasing premises is bound.* A cotenant, by a lease of the whole premises, cannot prejudice the rights of the other cotenants, but such lease will be valid as to himself and his undivided interest therein.

6. TENANCY IN COMMON, § 23*—*when cotenants bound by lease of premises.* Cotenants who have ratified a lease of the whole premises by a tenant in common are bound thereby.

7. APPEAL AND ERROR, § 369*—*when different theory of case may not be advanced.* A litigant cannot try a case upon one issue or theory in the trial court and upon an entirely different one on appeal.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing denied July 2, 1917.

LIVINGSTON & BACH, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

W. W. WHITMORE and BARRY & MORRISSEY, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Mary Ann E. Gridley, in her lifetime, owned certain parcels of real estate in McLean county, among which were two business properties in the City of Bloomington, one known as 109 and 111 East Front street, and the other as 113 East Front street.

On May 13, 1900, she executed a lease whereby she demised to Paul F. Beich, appellant, the store building known as 109 and 111 East Front street, for a term of ten years from January 1, 1901, to January 1, 1911.

On November 22, 1900, Mary Ann E. Gridley died and, upon her death, Logan A. Gridley, Mary G. Bell and Edward B. Gridley each became seized in fee of an undivided one-third interest in all the real estate mentioned, including the business properties aforesaid, as tenants in common.

On August 28, 1907, Edward B. Gridley, individually in his own name and without any authority from his cotenants, executed a written agreement in regard to the said lease executed by Mary Ann E. Gridley of the property known as 109 and 111 East Front street, whereby he purported to give to said Beich the privilege of subletting said property and also the option of renewing the said lease for five or ten years upon giving notice of such intention sixty days prior to January 1, 1911, the date of the expiration thereof. On October 21, 1907, Edward B. Gridley, individually, though designating himself as "agent," but without any authority from his cotenants, executed a lease whereby he purported to demise to said Beich the other property, known as 113 East Front street, for a period of three years from January 1, 1908, for the sum of

$300 per year, with the option of a renewal of said lease for five or ten years at a rental of $360 per year, upon giving notice of such intention sixty days prior to January 1, 1911, the date of the expiration thereof.

Sometime prior to October 19, 1910, the exact date not appearing anywhere in the record, the People's Bank of Bloomington, Illinois, was appointed conservator of said Mary G. Bell. On October 19, 1910, said Beich gave written notice to said Logan A. Gridley, Edward B. Gridley, Mary G. Bell and to the People's Bank, conservator of said Mary G. Bell, that he would avail himself of the privilege of extending the said lease of the property known as 109 and 111 East Front street, for the period of ten years, pursuant to the extension agreement of August 28, 1907, and also of the privilege of the extension of the lease of the property known as 113 East Front street, for ten years pursuant to the option provision in the lease of said last mentioned property.

On May 6, 1909, Edward B. Gridley conveyed all his interests in the said real estate to John H. Wood. On January 7, 1914, Edward B. Gridley died testate.

On July 13, 1915, Logan A. Gridley and Mary G. Bell, by her conservator, the People's Bank, filed their bill for partition of all the real estate of which Mary Ann E. Gridley died seized. The bill sets out many facts and transactions in regard to the undivided one-third interest owned by Edward B. Gridley in his lifetime and also seeks to quiet title, no questions concerning which are involved in this appeal. Paul F. Beich was made a party defendant and he alone appeals from the decree, which found that he had no interest in the two business properties mentioned.

It is alleged in the bill that the said extension agreement of August 28, 1907, and the said lease of October 21, 1907, executed by Edward B. Gridley to Beich are void under the Statute of Frauds for the reason that

said Gridley was never authorized in writing by his co-tenants to make the same, and that said Beich acquired no interests in the properties by virtue thereof. Beich in his amended answer to the bill seeks to avoid the effect of the Statute of Frauds by averring that after the death of Mary Ann E. Gridley, Edward B. Gridley conducted the business of her estate and also the business of the common property owned by complainants and Edward B. Gridley as tenants in common, and was their agent for all purposes in reference to said real estate; that he executed said extension agreement and lease as the agent of his cotenants; that Beich entered into possession of said premises and made improvements thereon relying upon said agreement and lease, of which said complainants had full knowledge and never made any objections thereto; that he paid one-third of the rents to said Logan A. Gridley, one-third to Mary G. Bell or to the People's Bank her conservator, and one-third to Edward B. Gridley during his lifetime, which were received by said respective parties, and that his rights as tenant were recognized by them; that on October 9, 1910, he served written notices upon said parties that he had elected to renew said leases as aforesaid and that they made no objections thereto; that he had made improvements on the properties and sublet the same; that it was not until after the buildings on said premises had been destroyed by fire did complainants question his right to possession under said leases and the extensions thereof; that complainants are now estopped from asserting said leases are void by virtue of the Statute of Frauds.

Exceptions by the complainants to this part of the amended answer seeking to avoid the application of the Statute of Frauds were sustained by the chancellor.

Beich also filed a cross-bill wherein it is averred that the lease of Mary Ann E. Gridley, demising the premises known as 109 and 111 East Front street, contained

a provision that in case the building thereon shall be partially damaged by fire, the same shall be repaired as soon as possible by the lessor, and in case the damage shall render the building entirely untenantable, the rent shall cease until the building shall be put in repair; that on November 3, 1911, the building was partially destroyed by fire; that it has never been repaired nor made tenantable by said tenants in common; that said premises had been sublet at a great increase of rent and the failure to repair the same had caused Beich to suffer damages in the loss of the difference in such rents to the amount of $15,000; that said cotenants be ordered to account for said damages, and to specifically perform the covenants of the lease to repair said building.

A demurrer was sustained to the cross-bill and it was dismissed for want of equity. The decree entered upon the hearing on the bill and amended answer ordered a partition of the premises and found that Beich had no interest therein.

The theory of the answer and cross-bill of Beich is that appellants, who were the cotenants of Edward B. Gridley in his lifetime, by their acquiescence in the extension agreement in regard to the lease of the premises known as 109 and 111 East Front street, and in the lease of those known as 113 East Front street, both executed by said Edward B. Gridley, and their acceptance of their respective portions of the rents under said leases, ratified the said extension agreement and said lease, and are estopped from pleading that the same are void under the Statute of Frauds.

One cotenant cannot bind his cotenants by a lease of the whole estate without written authority from them to do so, unless such lease is ratified by them. A ratification by the remaining cotenants of a lease so executed by the other cotenant will remove it from the effect of the Statute of Frauds, and in such case all

the cotenants will be bound by its terms. Such a ratification will be presumed when the nonexecuting cotenants have knowledge of such leasing, make no objections thereto and share in the rents arising from the lease. *Schwartz v. McQuaid,* 214 Ill. 357. This rule can apply, however, only to such cotenants as are *sui juris* when the contract or lease is made. A person who is *non compos* or otherwise under disability cannot make such ratification, nor in such case can it be presumed. The exact date of the appointment of the conservator for Mary G. Bell is not shown by the record, but it appears by the answer of Beich that on October 19, 1910, he served notice on said conservator of his election to renew both leases for a further period of ten years from January 1, 1911. The extension agreement executed by Edward B. Gridley was but an option, without consideration, granting to Beich the privilege of renewal of the first lease, and was without force until availed of by him. At the time he sought to accept the benefit of the option, Mary G. Bell was under disability, was not bound by it, and could not give her consent thereto. Neither could she be bound by the consent or ratification of the renewal by her conservator, unless the latter had been authorized to agree to such renewal by the County Court. Section 19, ch. 86, vol. 4, J. & A. Ann. St. ¶ 7303, provides: "The conservator may lease the real estate of the ward, upon such terms and for such length of time as the County Court shall approve." The statute is but declaratory of the general rule of law, which is stated in 22 Cyc. 1186, as follows: "The guardian or committee cannot, without leave of court, sell, mortgage, or lease the lunatic's real property, and his acts, so long as they are unauthorized and unsanctioned by the court, can have no effect in divesting the lunatic's title to real estate." It is apparent that the conservator of Mary G. Bell, without having been authorized by the

County Court, could not lease the interest of his ward in the property in question, and much less ratify the extension agreement or the lease executed by Edward B. Gridley.

It is urged, however, that while this might be true as to the interest of Mary G. Bell, yet Edward G. Gridley, having executed the extension agreement and the lease (together with any person subsequently acquiring his interest), and also Logan A. Gridley, having ratified the acts of Edward B. Gridley, would be bound thereby. A cotenant, by a lease of the whole of the common property, cannot prejudice the rights of the other cotenants, but such lease will be valid as to himself and his undivided interest therein, and on the same principle any of the other cotenants who may have ratified such lease will be bound thereby. *Zeigler v. Brenneman,* 237 Ill. 15. In the case at bar no such theory was advanced by appellant Beich, either in his answer or cross-bill, and no such contention was made in the court below. A litigant cannot try a case upon one issue or theory in the trial court and upon an entirely different one on appeal. *Cassem v. Kennedy,* 147 Ill. 660; *Rogan v. Arnold,* 233 Ill. 19. For this same reason also this court cannot consider the further contention of appellant that if the extension agreement and the lease are of no effect, then in law appellant Beich became a tenant from year to year, as this proposition was neither raised by the pleadings nor advanced in the court below.

The court did not err in sustaining the exceptions to the answer or the demurrer to the cross-bill and the decree must therefore be affirmed.

*Affirmed.*