Clarence R. Hall, Plaintiff-Appellee, v. Ralph Boyd, Defendant-Appellant.

Term No. 52–F–14.

Opinion filed May 2, 1952. Rehearing denied May 29, 1952. Released for publication June 5, 1952.

NEIL H. THOMPSON, of Mt. Vernon, for appellant.

DeWITT & WOODRUFF, and CRAIG & CRAIG, all of Mt. Vernon, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

A judgment for possession and for damages was entered by the circuit court of Jefferson county on plaintiff's complaint for forcible detainer against defendant, the party in possession of premises located in the City of Mt. Vernon. The material facts are undisputed. One Alvin Byrne, who died intestate in 1945 leaving a widow and five minor children, was the purchaser of the premises in question under a contract for a deed. After his death, his widow, who was appointed guardian of the minor children, borrowed sufficient money to pay the balance due on the contract and secured a deed conveying a one-third interest to her and a two-thirds interest to her children in tenancy in common. Subsequently, the widow filed her petition to sell the real estate in the county court making her minor children the sole defendants. An order of sale was entered and deeds conveying the respective interests were executed by the widow, one individually and the other as guardian of the children, and delivered to one Carpenter. Plaintiff acquired the premises from Carpenter. Prior to the court proceedings to sell the real estate the widow individually leased the premises for a term commencing November 12, 1949, with rent due on the 22nd of each month, which lease in the course of events was assigned to the defendant. The deed from Carpenter to plaintiff recited "subject to present tenancies." Plaintiff served a notice on defendant on August 22, 1950, demanding possession as of September 22, 1950, and upon defendant's failure to vacate filed this action.

██ ██ Plaintiff contended that since the lease in question was not executed by the widow in her capacity as guardian of her minor children with the approval of the county court, it is invalid and ineffective not only as against the minors, but in its entirety. Section [paragraph] 375 of chapter 3, Ill. Rev. Stat. [1951; Jones Ill. Stats. Ann. 110.472] sets out the prerequisites to a valid lease by a guardian, which requirements

were not met in the instant case since the lease does not purport to affect or bind anyone other than the widow individually. There was no execution of the lease by anyone on behalf of the minor children. Therefore it must be concluded under our law that such lease was not effective to bind the minor children. *Zeigler v. Brenneman,* 237 Ill. 15; *Gridley v. Wood,* 206 Ill. App. 505. And while generally such a lease might be enforced to the extent that it is not invalid (here as to one-third of the premises), the circumstances of this case do not permit the operation of such principle. The improvement here involved is a one-story building about fifteen feet by forty feet used as a tavern. It is obvious that in such a situation there would be no way of severing the validly leased portion of the premises from the balance without unduly prejudicing the minor cotenant's rights. Therefore, the lease must be held to be invalid in its entirety. *Fredrick v. Fredrick,* 219 Ill. 568.

The defendant argues, however, that the plaintiff took title to the premises "subject to present tenancies" which amounted to a waiver on his part of any infirmities in the lease. The citation of authority on this point presents cases of a waiver of prior breaches by a grantee's taking title subject to an existing "lease." Such cases do not bear on the issue here presented. By such language in the deed the plaintiff merely permitted a qualification of the warranties of title from his grantor to cover the interest of the lessee (defendant) whatever such interest might be determined to be in an appropriate action. The evidence shows that the question of the validity of the lease came up at the time plaintiff acquired title. If it had been the intention of the parties to affirm the tenancy of the defendant with a view to waiving the infirmity of the lease and to make it a condition of the conveyance, such might have been

done by express reference to the lease in question. Apart from such action to protect the lessee it must be concluded that the language used was designed merely to limit the warranty of possession for the grantor's protection rather than to alter the intrinsic quality of the lease.

 Defendant further points out that an order was entered by the county court validating the lease with respect to the minors, though admittedly such action was taken after the forcible detainer suit was filed and without notice to the plaintiff. This of course could not change the fact that the lease as executed did not purport to convey the minors' undivided two-thirds interest and is therefore of no significance in this action.

 It is likewise urged by defendant that the sale of the real estate by order of court was not effective as to him since he was not made a party to the proceedings. We do not feel that a proper construction of section [paragraph] 384, chap. 3, Ill. Rev. Stat. [1951; Jones Ill. Stats. Ann. 110.481] would require making a tenant under a lease a party to such proceedings where his rights are not sought to be affected by the petition filed and he has not asserted a claim of title to the premises. In the absence of a prayer for relief against the person in possession the decree of sale could not affect his rights and he was therefore not a necessary party to the sale. *Baker v. Devlin,* 386 Ill. 441.

 Finally, it is argued that the cause of action being based on an allegedly invalid lease and the plaintiff never having been in possession, that the action does not come under the pertinent provisions of the Forcible Entry and Detainer Act (chap. 57, Ill. Rev. Stat.) [1951; Jones Ill. Stats. Ann. 109.263–109.283] or paragraph 14 of the Landlord and Tenant Act (chap. 80, Ill. Rev. Stat.) [1951; Jones Ill. Stats. Ann. 72.14]. The complaint alleges a forcible detainer

under section 2 of chap. 57 and that plaintiff is "the true owner and the person entitled to possession." In *West Side Trust and Savings Bank v. Lopoten,* 358 Ill. 631, 638, the court pointed out that "actual prior possession has been held not indispensable as a basis for actions of forcible detainer under the succeeding clauses of the section. A right of action exists under the second clause of Section 2 where peaceable entry is made upon premises in the actual possession of either the plaintiff or of those to whose rights he has succeeded and the possession is unlawfully withheld after demand." (Cases cited.) We hold that the issues involved in this case were properly raised by the action filed under chap. 57.

We have given careful consideration to the other contentions urged by the defendant on this appeal and do not find in them any grounds for reversal of the judgment of the trial court. The judgment for possession and damages will therefore be affirmed.

*Judgment affirmed.*

CULBERTSON, P. J. and SCHEINEMAN, J., concur.