2024 IL App (1st) 231470-U

FIRST DISTRICT,
FIRST DIVISION
August 19, 2024

No. 1-23-1470

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| HELEN LAU, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 23 M 1706605 |
| | ) | |
| KASHYAP DASAI, | ) | Honorable |
| | ) | Krista D. Butler, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where a co-owner of land purported to lease the land against the wishes of her fellow co-owner (plaintiff), such lease was not binding upon plaintiff, and a remand was required to determine the factual issue of whether the leased portion of the property could be severed from the remainder of the property so as not to prejudice plaintiff's interest.

¶ 2    Plaintiff Helen Lau brought an eviction complaint against defendant Kashyap Dasai, alleging that he overstayed after his lease ended. Dasai moved to dismiss, arguing that he had a valid lease to the property with Sally Lau, plaintiff's sister-in-law and a co-owner of the

property. The trial court found that Sally "has a superior right of possession as compared to plaintiff" and granted Dasai's motion to dismiss. For the reasons that follow, we reverse and remand.

¶ 3                                     BACKGROUND

¶ 4        In 1991, plaintiff and her brother Peter Lau purchased residential property at 4830 North Springfield in Chicago ("the property") as tenants in common. Plaintiff owned an undivided one-third interest in the property, and Peter owned an undivided two-thirds interest.

¶ 5        Dasai has resided in the first-floor unit of the property since 2005. In 2022, Dasai entered into competing leases with both plaintiff and Peter. Specifically, on January 1, 2022, Dasai signed a lease with plaintiff for a term of February 1, 2022 to January 31, 2023, with monthly rent of $1800. On February 28, 2022, Dasai signed a lease with Peter for a term of April 1, 2022 to December 31, 2022, with monthly rent of $1400.

¶ 6        On October 16, 2022, Peter conveyed his two-thirds interest in the property to the Peter and Sally Lau Living Trust (the Trust). He passed away shortly thereafter. After his death, his wife Sally effectively controlled the Trust.

¶ 7        Sally wrote a letter to Dasai dated December 24, 2022, in which she stated: "Your lease has expired. *** The monthly rent will be $1500.00 for the first floor starting February ***. Let me know if you would like to renew the lease or not." (The record does not reflect when, if at all, this letter was sent.)

¶ 8        On March 28, 2023, plaintiff served Dasai with a "Notice of Non-Renewal of Lease or Termination of Tenancy," stating that his lease would not be renewed and that he had until April 30 to vacate the property. Three days later, on March 31, 2023, Dasai entered into a lease with

Sally, renting the first-floor unit for a term of February 1, 2023 to December 31, 2023, with monthly rent of $1500.

¶ 9    On May 5, 2023, plaintiff filed the instant eviction complaint against Dasai. Dasai moved to dismiss the complaint under sections 2-615 and 2-619(a) of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619(a) (West 2022)), arguing that Helen "is not entitled to possession of [the] premises" because Dasai "is a legal tenant in the property pursuant to a lease with Sally Lau, an owner of the property." He further argued that plaintiff lacked standing to bring an eviction complaint, stating that she had no "legally cognizant interest" in its outcome because "she is not the landlord and Defendant has a valid lease with an owner of the property."

¶ 10    On August 9, 2023, the trial court granted Dasai's motion to dismiss, stating:

"(1) Defendant's motion to dismiss is granted.

(2) The court makes no findings as to ownership, however, does find that Sally Lau has a superior right to possession as compared to plaintiff.

(3) The court does not reach any finding as to whether there was a valid lease on March 30, 2023."

¶ 11                                    ANALYSIS

¶ 12    Although Dasai has not filed a brief with this court, in the interests of justice, we shall consider this appeal on its merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) ("[I]f the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal").

¶ 13    We note that Dasai brought his motion to dismiss under both section 2-615 and section 2-619. A section 2-615 motion attacks the legal sufficiency of the complaint and "alleges only

defects on the face of the complaint." *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86 (1996). A section 2-619 motion allows for involuntary dismissal based on certain defects or defenses, and the movant may "go beyond the allegations of the complaint and assert affirmative matters that would defeat the plaintiff's claim." *Winnebago County Citizens for Controlled Growth v. Count of Winnebago*, 383 Ill. App. 3d 735, 739 (2008). Because Dasai's motion is based on facts outside the four corners of the complaint—namely, his lease with Sally and Sally's interest in the property via the Trust—we shall treat his motion as one brought under section 2-619. In ruling on a section 2-619 motion to dismiss, the court takes all well-pled facts and reasonable inferences as true and construes all pleadings and supporting documents in the light most favorable to the non-movant. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 353 (2008).

¶ 14        It is undisputed that plaintiff has a one-third interest in the subject property, while Sally has a two-thirds interest via the Trust. The trial court granted Dasai's motion to dismiss based upon its finding that Sally "has a superior right to possession as compared to plaintiff." This contention is not borne out by authority.

¶ 15        Each co-owner of real property has an equal right to enter every part of the land. *Fyffe v. Fyffe*, 292 Ill. App. 539, 548 (1937); see also *Massman v. Duffy*, 333 Ill. App. 30, 40 (1947) (co-owner "may *** occupy and utilize every portion of the property at all times and in all circumstances"). Thus, a co-owner "has no right to exclude his co-owners [from the property], or to appropriate to his sole use any particular portion thereof." *Massman*, 333 Ill. App. at 40; *cf. Zedella v. Gibson*, 165 Ill. 2d 181, 190 (1995) (citing *Massman* with approval in support of the proposition that "one co-owner does not have a superior right of control over a vehicle compared to another co-owner"). A co-owner also cannot "grant to a lessee any greater right of possession

than he himself possesse[s] *** [or] any right that would interfere with the rights of his cotenant." *Fyffe*, 292 Ill. App. at 548.

¶ 16        Accordingly, there is a "recognized principle" that consent of all joint owners is necessary to create a lease, which applies equally to renewal of a lease. *Daugherty v. Burns*, 331 Ill. App. 3d 562, 568 (2002). A joint owner who wants to renew a year-to-year lease against the wishes of a fellow joint owner may do so "only if a portion of the property representing their interest can be severed from the rest of the property so as not to prejudice the rights of the other owners." *Id.* at 570.

¶ 17        For instance, in *Fyffe*, 292 Ill. App. at 549, three co-owners purported to lease the subject property to appellant, granting appellant "all the oil and gas and exclusive possession." They did this without obtaining consent from the remaining co-owners (the appellees). Under these circumstances, "the lease *** was not binding on appellees and was void as far as their interests were concerned." *Id.*

¶ 18        In *Hall v. Boyd*, 347 Ill. App. 60, 62 (1952), the subject property was jointly owned by a woman with a one-third interest and her minor children, who collectively had a two-thirds interest. The woman purported to unilaterally lease the property to defendant. We held that since "[t]here was no execution of the lease by anyone on behalf of the minor children," the lease "was not effective to bind the minor children." *Id.* at 63. We acknowledged that "such a lease might be enforced to the extent that it is not invalid (here as to one-third of the premises)." *Id.* However, the property at issue was "a one-story building about fifteen feet by forty feet used as a tavern," and, under the circumstances, there was no way to "sever[] the validly leased portion of the premises from the balance without unduly prejudicing the minor cotenants' rights." *Id.*

Accordingly, defendant's lease was invalid in its entirety, and we affirmed the trial court's order evicting the defendant. *Id.*

¶ 19    Similarly, in *Daugherty*, 331 Ill. App. 3d at 563-64, the subject properties were jointly owned by plaintiff, defendants, and Dye (a third party not involved in the litigation). Plaintiff leased the properties on a year-to-year basis. *Id.* at 567. Defendants wished not to renew plaintiff's leases and served him with a notice of termination. Plaintiff brought an action seeking a declaratory judgment that he was entitled to remain in possession of the property, arguing that defendants lacked the power to terminate his tenancy absent the consent of all joint owners. We rejected this argument, finding that consent of all joint owners was necessary to renew plaintiff's leases and that "[t]he trial court properly concluded defendants had the authority to terminate the leases." *Id.* at 570.

¶ 20    Here, as in *Daughterty*, unanimous consent to renew Dasai's lease did not exist. Plaintiff wished not to renew the lease, and Sally acted unilaterally in signing a lease with Dasai. Consistent with our decisions in *Fyffe*, *Hall*, and *Daughterty*, we find that "the lease *** was not binding on [plaintiff] and was void as far as [her] interests were concerned." *Fyffe*, 292 Ill. App. at 549.

¶ 21    In the trial court, Dasai argued that plaintiff "has no authority to act against [Dasai] because she is not on the lease," and her one-third interest in the property was therefore "irrelevant." We reject this proposition for the reasons discussed above. As a co-owner of the property, plaintiff has the right to "occupy and utilize every portion of the property at all times and in all circumstances" (*Massman*, 333 Ill. App. at 40), and Sally cannot grant to a lessee any right that would interfere with plaintiff's right of possession (*Fyffe*, 292 Ill. App. at 548).

¶ 22　　　　A factual question remains as to whether the leased portion of the property can be severed from the rest of the property so as not to prejudice plaintiff's one-third interest. See *Daugherty*, 331 Ill. App. 3d at 570. If so, Dasai's lease with Sally "might be enforced to the extent that it is not invalid" (*Hall*, 347 Ill. App. at 63)—*i.e.*, up to two-thirds of the premises. Accordingly, we remand for the trial court to determine whether severance is possible under the circumstances.[1]

¶ 23　　　　Finally, although this issue has not been raised by the parties, we note that Sally may be a necessary party to this litigation. A necessary party is defined as "one who has a legal or beneficial interest in the subject matter of the litigation and will be affected by the action of the court." (Internal quotation marks omitted.) *Holzer v. Motorola Lighting, Inc.*, 295 Ill. App. 3d 963, 970 (1998). "The failure to join a necessary party may be raised at any time: by the parties or by the trial court or appellate court *sua sponte*." *Lah v. Chicago Title Land Trust Co.*, 379 Ill. App. 3d 933, 940 (2008). On remand, we direct the trial court to determine whether Sally needs to be joined as a party for the fair and complete resolution of this action.

¶ 24　　　　　　　　　　　　　　　　　　CONCLUSION

¶ 25　　　　For the foregoing reasons, we reverse the judgment of the trial court dismissing plaintiff's eviction complaint and remand for further proceedings consistent with this order.

¶ 26　　　　Reversed and remanded.

---

[1] In Dasai's reply to plaintiff's response to his motion to dismiss, he argued that plaintiff failed to give him proper notice of termination as required by section 5-12-130-(j)(3) of the Chicago Residential Landlord Tenant Ordinance. Because this issue was not ruled upon by the trial court, we do not address it in this appeal.