In the Matter of the ESTATE OF Richard G. RAYMAN, Deceased.

No. C5–92–1053.

Court of Appeals of Minnesota.

Feb. 2, 1993.

Chester D. Swenson, Linda J. Heine, Swenson Law Office, Albert Lea, for appellant Dennis Rayman.

Stephen R. Erickson, Phillip A. Kohl, Christian & Peterson, P.A., Albert Lea, for respondent Laura Rayman.

Considered and decided by PETERSON, P.J., and DAVIES and FLEMING,* JJ.

## OPINION

DAVIES, Judge.

Appellant Dennis Rayman, the personal representative of Richard G. Rayman's estate, challenges the trial court's refusal to revoke provisions in decedent Richard Rayman's will in favor of his former spouse. We reverse and remand.

## FACTS

Appellant Dennis Rayman, the personal representative of decedent Richard G. Rayman's estate, moved for an order of the court construing decedent's will. Respondent Laura Rayman, decedent's former spouse, brought a similar motion.

The parties stipulated that the first marriage of decedent and respondent was dissolved on December 26, 1978. On September 29, 1981, decedent executed his will. At the time the will was signed, decedent was a single person. He provided that the Rayman Farm was to be placed in a trust upon his death, with the income therefrom distributed to "my former wife, Laura Rayman". The remainder interest in the Ray-

man Farm was to be distributed to the decedent's brother, appellant Dennis Rayman. Decedent's 1981 will was never changed or revoked by him before his death on September 9, 1991.

The decedent and respondent were remarried on December 3, 1983, with a second marriage dissolution occurring on December 26, 1985. The decedent was either single or married to respondent from June 12, 1970, to the date of his death on September 9, 1991. Respondent was either single or married to the decedent during this same period of time.

The parties further stipulated that the issue presently before the trial court is whether certain provisions of the will are revoked by operation of law.

After a hearing on April 10, 1992, the trial court concluded that Minn.Stat. § 524.2–508 (1990) did not, in this situation, revoke dispositions in favor of the former spouse. The trial court upheld the dispositions in Richard Rayman's will made to Laura Rayman.

Dennis Rayman appeals.

## ISSUE

Does Minn.Stat. § 524.2–508 (1990) revoke dispositions in a will to a former spouse where the will was executed prior to a remarriage to the former spouse and where the dispositions are made to the decedent's "former wife, Laura"?

## ANALYSIS

This case involves the interpretation and application of Minn.Stat. § 524.2–508 (1990) in this unusual fact situation. Interpretation of a statute involves a question of law. *Meister v. Western Nat'l Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn.1992). This court may independently interpret and apply a statute to undisputed facts. *Id.*

Minn.Stat. § 524.2–508 provides:

> If after executing a will the testator's marriage is dissolved or annulled, the dissolution or annulment revokes any dis-

* Retired judge of the district court, serving as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 2.

position or appointment of property made by the will to the former spouse, * * *, unless the will expressly provides otherwise. Property prevented from passing to a former spouse because of revocation by dissolution of marriage or annulment passes as if the former spouse failed to survive the decedent. * * * [D]issolution of marriage includes divorce.

Appellant Dennis Rayman argues that section 524.2–508 revokes dispositions to a former spouse regardless of whether the will was executed prior to or during the marriage. Respondent Laura Rayman, on the other hand, argues that section 524.2–508 is dependant upon the status of the individuals involved and only applies where the will is executed during the parties' marriage.

This is an issue of first impression in this state, although courts in other jurisdictions have addressed it, though not uniformly. The majority have concluded that the section applies regardless of whether the testator and former spouse were married before or after the execution of the will. *In re Estate of Reeves*, 233 Cal.App.3d 651, 284 Cal.Rptr. 650, 654 (1991); *In re Marriage of Duke*, 549 N.E.2d 1096, 1100 (Ind. Ct.App.1990); *Russell v. Johnston*, 327 N.W.2d 226, 228 (Iowa 1982); *In re Will of Reilly*, 201 N.J.Super. 306, 493 A.2d 32, 35 (N.J.Super.Ct.App.Div.1985). *But see In re Estate of Carroll*, 749 P.2d 571, 574 (Okla.Ct.App.1987).

These courts reason that the language of their statutes, similar to section 2–508 of the Uniform Probate Code, is plain and unambiguous: the statutes in question make no distinction regarding the date of marriage and date of execution of the will. *Reeves*, 284 Cal.Rptr. at 654; *Duke*, 549 N.E.2d at 1100; *Russell*, 327 N.W.2d at 228; *Reilly*, 493 A.2d at 35. The Superior Court of New Jersey stated it this way:

Only two things are necessary in order for [the statute] to apply: a will executed by the testator and a subsequent divorce or annulment. * * * There is thus no warrant to limit the statutory language to one who was a spouse at the time the will was executed. The scheme, as we perceive it, focuses on the termination of the marriage and not on the status of a spouse at the time the will was made. *Reilly*, 493 A.2d at 35.

■ We find merit in the rationale of the majority line of cases. Regardless of the testator's relationship to the former spouse at the time of the will's execution, whether it is a friendly relationship years prior to the marriage or a marital relationship, a subsequent divorce is a significant change in circumstances between the testator and the former spouse. Thus, we hold that Minn.Stat. § 524.2–508 applies to wills executed either prior to or during a marriage which is subsequently dissolved.

■ Respondent argues, however, that even if we determine that Minn.Stat. § 524.2–508 usually applies where the testator executes the will prior to the marriage, the statute should not operate here to automatically revoke the provisions in her favor, because the decedent expressly provided otherwise by making dispositions to her as "[his] former wife, Laura."

Under Minn.Stat. § 524.2–508, a dissolution will not revoke bequests to a former spouse if "the will expressly provides otherwise." Throughout the will, decedent provided for "my former wife, Laura." Respondent argues that in so doing, he showed he did not intend the will provisions favoring her to be based on her status as his wife; instead, he intended her to inherit even if she was not married to him at the time of his death. She asserts that her status as former wife was the same at the will's execution as at decedent's death.

While it is clear that the decedent intended for respondent to inherit as his former spouse when he executed the will in 1981, it is not clear what his intentions were after he later divorced her a second time. The fact that respondent's status of "former wife" was in some ways the same at the time of the will's execution as it was at decedent's death is insufficient for us to conclude that the intervening dissolution was not the same significant change that calls for application of Minn.Stat. § 524.2–508.

Decedent's reference to "my former wife, Laura," which may merely have been a way of referring to her, given their first divorce, does not satisfy the statute's requirement of *"expressly* providing" that dissolution is not to revoke dispositions of property for the former spouse.

## DECISION

We hold that Minn.Stat. § 524.2–508 (1990) applies in this case to revoke by operation of law the dispositions in Richard Rayman's will to his twice former wife, Laura Rayman. We reverse and remand to the trial court for an order in accordance with this decision.

Reversed and remanded.