*In re* ESTATE OF FRANK SHELTON, Deceased—(JAMES THOMAS ELLIS, JR., Petitioner-Appellant, *v.* MARJORIE GEORGE *et al.*, Respondents-Appellees.)

(No. 12120; )

Fourth District—May 21, 1974.

Fellheimer & Fellheimer, of Pontiac (Charles E. Glennon, of counsel), for appellant.

Peter F. Ferracuti & Associates, Ltd., of Ottawa (John Panegasser, of counsel), for appellees.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The trial court adjudged the will of Frank Shelton to be without any force and effect and held that his estate should pass as intestate property to the half-sister of the decedent, who was his sole and only heir-at-law. We reverse.

Frank Shelton's will was executed in 1959. It gave all of his property to "my wife, LaWanda Shelton" in fee simple absolute. There was a gift over to the petitioner-appellant as follows: "In case my wife shall predecease me, I hereby give, devise and bequeath all my property, real, personal and mixed to my wife's son, James Thomas Ellis, to have as his very own and to dispose of as he may so desire * * *." Frank and LaWanda separated in December 1969, and were divorced in July 1971. Frank died in October of the same year. The trial court's judgment was based on its interpretation of section 46 of the Probate Act (Ill. Rev. Stat. 1957, ch. 3, par. 197), which so far as material reads as follows: "* * * and (2) divorce or annulment of the marriage of the testator revokes every beneficial devise, legacy or interest given to the testator's former spouse in a will executed before the entry of the decree of divorce or annulment, and the will shall take effect in the same manner as if the former spouse died before the testator." This language was a part of the statute in 1957 prior to the date the will was executed.

It is at once apparent that the holding of the trial court was contrary to the plain language of the statute and the result reached applied to the statute in a manner which is inherently inconsistent. The trial court held the divorced spouse was dead for the purpose of receiving her own legacy, but alive for the purpose of defeating her son's legacy. In so doing, it held that a civil death due to a divorce is not tantamount to an actual death. This, of course, is quite obviously true and the statute does not make it otherwise. It merely provides that a divorce prior to the death of the testator has the same effect on the will as if the former spouse died before the testator. In short, the change in status of the wife either through predeceasing the testator or through divorce has the same legal effect on the will.

Great reliance is placed on an article at page 232 of the 1964 Illinois Bar Journal and *Champaign County Bank and Trust Co. v. Jutkins*, 29 Ill.2d 253, 193 N.E.2d 779. Both the law review article and the opinion in *Jutkins* seem to regard the application of the statute as productive of harsh results. In *Jutkins*, the opinion held squarely and specifically that the statute would be construed prospectively only and not retrospectively as it gave the testator no choice. The statute was amended by the legislature in 1965 to conform the statute to the decision in *Jutkins*, adding the following language: "This Amendatory Act of 1965 applies to wills of decedents dying after December 31, 1965." Thus, the legislature makes it clear that the Act applies to Frank Shelton's will and that Frank Shelton lived for more than 5 years after the passage of this statute without any change in his will.

The briefs contained statements of fact as to the relationship in the

family which appeared no place in the record. We cannot and do not consider them. Indeed the trial court refused to hear any testimony which would have placed in the record the family background and stated for the record that there was a legal question only here involved. We agree. As stated in *Jutkins* at page 259, "The practical effect of the statute is thus to rewrite the will, not to revoke it." We agree. Such is the legislative mandate. In *Jutkins,* the testator had no choice. Here he did but was quiescent.

The divorce under the statute destroyed any interest that the ex-spouse had under the will. It did not destroy the will nor did it revoke it. The will remained in effect and the court erred in denying it probate.

Accordingly, the judgment of the trial court is reversed and the cause remanded to that court for further proceedings consistent with the views herein expressed.

Reversed and remanded.

CRAVEN and SIMKINS, JJ., concur.