*In re* ESTATE OF OSCAR R. ZIMMERMAN, Deceased.—(DAVID E. MAYFIELD, Adm'r, Petitioner-Appellee, *v.* JOAN M. TWEET *et al.*, Respondents-Appellants.)

(No. 74-3; ■■■■■■■■)

Second District (2nd Division)—May 7, 1975.

Reid, Ochsenschlager, Murphy & Hupp, of Aurora (John A. Lundquist, of counsel), for appellants.

Guyer & Enichen, of Rockford, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Winnebego County, Illinois, on a petition to construe the will of Oscar R. Zimmerman, deceased. The facts are not in dispute. The issue is whether the trial court properly construed the decedent's will in the light of section 46 of the Probate Act.

The decedent was married in 1967, made his will in 1968, was divorced in 1972, and died 2 months later without having changed his will. The will gave his wife, Mary A. Zimmerman, the residue of his estate if she survived him by 30 days. If she did not, the will gave the residue of his estate to four children: his wife's two children by a previous marriage and his two children by a previous marriage, in equal shares. Mary A. Zimmerman survived the decedent by 30 days and is still living.

Section 46 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, § 46) provides in part as follows: "No will or any part thereof shall be revoked by any change in the circumstances, condition or marital status of the testator, except that divorce or annulment of the marriage of the testator shall revoke every devise, legacy, or interest or power of appointment given to or nomination to fiduciary office of the testator's former spouse in a will executed before the entry of the decree of divorce or annulment, and the will shall take effect in the same manner as if the former spouse died before the testator."

It is agreed by the parties that the divorce had the effect, under section 46, of revoking the residuary gift to Mary A. Zimmerman. What is in dispute is whether the four children take the residue, since Mary A. Zimmerman survived by 30 days. The trial court held that they do not, and that the residual passes as intestate property of the decedent's two children, Donald E. Zimmerman and Gloria M. Netzel. The divorced wife's two children, Joan M. Tweet and Nicholas Geti, have appealed.

In support of the trial court's order it is argued that the will plainly states that the four children are not to have the residue unless the widow is not living on a date 30 days after the death of the decedent; that an assumed death under section 46 is not the equivalent of actual death on which a substitutionary gift is made to depend, where the decedent's intent is clearly expressed, because his intent must control; and that a literal reading of the statute so as to equate divorce with death would result in rewriting the decedent's will, and this was not the statute's purpose.

On the other hand the appellants argue that section 46 states plainly and unequivocally that the will shall take effect in the same manner as if the former spouse had died before the testator; that a testator is assumed to know the law as it exists at the time he executes his will, and

so the decedent in this case is assumed to have. known. of the. provisions of section 46; that it is therefore .clear .that the. decedent's. intent was. to give the residue to the four children if his wife. were actually dead, 30 days after his own death, or if she were then presumed dead under section 46 by reason of divorce; and that this conclusion is supported by the strong presumption that intestacy was not intended.

It appears to us that the process of interpretation cannot be applied here to ascertain the decedent's actual intention, because the possibility of divorce was not mentioned in the will and there is no reason to believe that the decedent gave any thought to the subsequent event with which we are now confronted. Rather, it is necessary for us to look to rules of construction, by which meaning may be assigned to an instrument when the testator's actual intention cannot be fully ascertained. (Atkinson on Wills, 809—17 (2d ed. 1953).) In the absence of a clear expression of intention by a testator, rules of construction may be used. (*McDonough County Orphanage v. Burnhart*, 5 Ill.2d 230, 239; *Smith v. Shepard*, 370 Ill. 491, 495.) What we must do in this case, in particular, is to determine whether the Illinois legislature, by its enactment of section 46 of the Probate Act, has created a rule of construction applicable to the will before us. We believe it has.

The statute not only eliminates a will's provisions for a decedent's divorced spouse, but also says "the will shall take effect in the same manner as though the former spouse died before the testator." The Illinois Supreme Court has commented, critically, that the practical effect of the statute is to rewrite the will. The statute, the supreme court has said, "declares in effect that the word 'death' in a will shall mean divorce as well." (*Champaign County Bank & Trust Co. v. Jutkins*, 29 Ill.2d 253, 259.) This is the rule of construction which the legislature has provided, and which in a very recent case has been applied to validate a substitutionary gift to a testator's divorced wife's son. (*In re Estate of Shelton*, 19 Ill.App.3d 542.) We think the rule of construction given us in section 46 applies here, and validates the gift to the four children.

It is pointed out that various cases decided in other jurisdictions support the rule that divorce does not satisfy a condition of death in a substitutionary gift in a will. However, in those other jurisdictions the legislature had not said that "the will shall take effect in the same manner as if the former wife died before the testator." It is suggested to us, also, that to give the quoted language its literal meaning would be contrary to the purpose and intent of the legislature. Yet the statute was amended by the legislature after criticism was made of it in the *Jutkins* case, and the quoted clause was retained without any change. Furthermore, if that clause had been intended to indicate only that a remainder interest fol-

lowing a life estate given a divorced spouse should be accelerated, and not that a substitutionary gift conditioned on a spouse's death should take effect where the spouse has been divorced, the legislature would not have dealt consistently with the question whether it should create rules of construction to invalidate gifts to a divorced spouse's relatives; and that interpretation would also allow some substitutionary gifts to be struck down, as to a charity, which the testator would have wanted to be effective whether the gift to the spouse were eliminated by death or by divorce. In any event, we need not determine whether such a restricted interpretation should be given to the clause in question, because of the two Illinois cases hereinbefore cited.

For the reasons stated, the order of the Circuit Court of Winnebago County is reversed.

Order reversed.

RECHENMACHER, P. J., and T. MORAN, J., concur.