PAUL H. ROESKE, Plaintiff-Appellant, *v.* FIRST NATIONAL BANK OF LAKE FOREST *et al.*, Defendants-Appellees.

Second District    Nos. 79-645, 79-808 cons.

Opinion filed November 26, 1980.

Richard J. Smith, of Sullivan, Smith & Hauser, of Waukegan, for appellant.

Semmelman & Lombardi, Ltd., of Lake Forest (Wylie B. Douglas, of counsel), for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Paul H. Roeske, plaintiff, sued the executor and the legatees named in the will of his brother, John F. K. Roeske, deceased. In one action he sought to contest the will, and in the other to impose a constructive trust upon the decedent's assets. The cases have been consolidated for appeal. The second amended complaint in the will contest suit and the amended chancery complaint were both dismissed on motion of the defendants and plaintiff appeals.

In his amended complaint in the will contest action plaintiff alleged in count I that the decedent died on June 3, 1976, leaving the plaintiff as his sole heir at law; that by virtue of the decedent's large and excessive consumption of alcohol, his memory was substantially impaired and debilitated so that he no longer remembered executing the will which he signed in 1963; that the defendant First National Bank of Lake Forest, in whose trust department the will was filed, did not advise the decedent of the existence of his will subsequent to 1963; and that decedent had no contact with his former wife's relatives after a 1970 divorce and by reason

of his loss of memory did not know that they would be legatees of his estate pursuant to the forgotten will. Plaintiff prayed that the court declare the 1963 document to be null and void.

■■■ The thrust of plaintiff's argument as to count I is that since decedent and his wife were divorced in 1970, it would be unjust to permit decedent's estate to pass to the wife's sister and brothers, excluding the decedent's brother, the plaintiff. The argument has appealing qualities but does not support a cause of action. The issue in a will contest action is whether the writing produced is the will of the decedent; and any ground which, if proved, would invalidate the instrument as a will, may state a cause of action. (*Shelby Loan & Trust Co. v. Milligan* (1939), 372 Ill. 397, 403.) Revocation is one ground which may be asserted for the purpose of invalidating an instrument. (*In re Estate of Minsky* (1977), 46 Ill. App. 3d 394, 399.) Undue influence which is directly connected with the procurement and execution of the will may also invalidate a will. (*In re Estate of Ariola* (1979), 69 Ill. App. 3d 158, 168.) Plaintiff alleges no facts in count I that would support a finding that the testator had revoked the 1963 instrument, nor are there allegations that would establish a prima facie case of undue influence. The allegations of the complaint are directed to events subsequent to the time that the will was executed. There is no allegation that the testator was in any way incapable of executing the document in 1963.

As to the divorced wife named in the will, of course, section 46 of the 1965 Probate Act establishes that the interest given to the wife is revoked, stating in pertinent part:

> "No will or any part thereof shall be revoked by any change in the circumstances, condition or marital status of the testator, except that divorce or annulment of the marriage of the testator shall revoke every devise, legacy, or interest or power of appointment given to or nomination to fiduciary office of the testator's former spouse in a will executed before the entry of the decree of divorce or annulment, and the will shall take effect in the same manner as if the former spouse died before the testator." Ill. Rev. Stat. 1967, ch. 3, par. 46.

The decedent's March 8, 1963, will provided in article II that the residue of the decedent's estate passed to Maurine Culbertson Roeske, the then wife. Article III provided that in the event that his wife predeceased him, one-half of his entire residuary estate should pass to his parents or the survivor of them, and the remainder, in equal shares, should pass to his wife's sister and two brothers. Article III further provided that if the decedent's parents predeceased him, the entire residuary estate should be distributed to his wife's sister and two

brothers. The plaintiff, Paul Roeske, received nothing under the 1963 will.

As decedent and Maurine Culbertson Roeske were divorced in 1970, pursuant to the statute the will would take effect as if Maurine Culbertson Roeske had predeceased the testator. The possibility of the testator's wife predeceasing him was dealt with in article III of the 1963 will. As testator's parents both predeceased the testator, and as the testator's former wife is treated as having predeceased him the result would be that the residue of the testator's property would pass to the sister and brothers of the testator's ex-wife. (*In re Estate of Zimmerman* (1975), 28 Ill. App. 3d 107, 109-10. See also *In re Estate of Shelton* (1974), 19 Ill. App. 3d 542, 543-44.) Plaintiff asserts that this result is unjust, in view of allegations that the decedent had forgotten that he had executed the will due to substantial impairment of his memory as a result of his alcoholic condition, the 1970 divorce and the subsequent lack of communication between the decedent and his ex-wife relatives. Whether the testator intended a different result requires considerable speculation. The plaintiff urges that he would, of course, have preferred his brother to his wife's relatives, and, therefore, intended to die intestate. But this, in effect, amounts to an argument to the legislature which could have provided, but did not, that a divorce revokes a will completely.

The additional allegations in count IV of the second amended petition in the probate proceedings are that decedent's ex-wife knew or should have known that the decedent had no memory of having executed the will and that the decedent would have revoked and changed his will if he had received a copy of it from her when she returned other of his papers. This again is mere speculation. Further, pursuant to statute, and without knowledge of the earlier will, the decedent could have revoked the 1963 will by executing another will.

■■ The only allegation of interference with revocation was that decedent's ex-wife failed to return to him a copy of the 1963 will after the divorce. This fact is not sufficient to support the plaintiff's contention that decedent was prevented from revoking his will, particularly in view of the fact that decedent need not have any memory of or possession of the will in order to revoke it and further in view of the fact that the wife merely had a copy, not the original.

■■ Nor can we accept the argument that the defendant bank also somehow deprived decedent of the opportunity to revoke his will. In count III of the complaint plaintiff alleged that the bank maintains a large trust department, knew that changes in decedent's circumstances could cause a will to become obsolete or ineffective, and therefore had a duty to apprise decedent of the potential problem or to notify him that it was still holding an instrument which might affect a disposition of property

contrary to his intention. The plaintiff cites no authority in support of his argument that the bank owed such a duty to the decedent and we have found none. Further, there was no allegation that the bank had participated in drafting the will, or had any knowledge of the substantive provisions of the will. The plaintiff has not alleged any facts from which a duty to notify the decedent that he should consider reviewing his will could be said to arise.

■■ In count II of his petition the plaintiff allege that article 3 of decedent's will should be construed consistently with the intention of the decedent as manifested by the language in the will. Plaintiff alleged that article 3, which devised the residue of decedent's estate to his wife's sister and brothers in the event that decedent's wife predeceased him, should be declared inoperative by reason of the failure of the stated precondition, that is that Maurine predecease him. Plaintiff contends that while an ex-wife is treated as having predeceased the spouse for purposes of specific devises and legacies in a will, this statutorily assumed death should not satisfy a condition in the will itself by which a spouse must predecease the testator. However, a will contest is purely statutory having the purpose, as we have previously noted, of determining whether the writing proffered is in fact the will of the testator-decedent. (*Shelby Loan & Trust Co. v. Milligan* (1939), 372 Ill. 397, 403. See also *Mount v. Dusing* (1953), 414 Ill. 361, 365.) Therefore, interpretation of the will at this point in the proceedings is inappropriate.

Further, we have held that where a will contains a provision for a gift over in the event that one spouse predeceases the other, the assumed death under the Probate Act is equivalent to actual death, and that therefore the condition has been met. *In re Estate of Zimmerman* (1975), 28 Ill. App. 3d 107, 109.

For these reasons the petition in the probate proceedings failed to state a cause of action and was properly dismissed on the motion of the defendants.

■■ We also conclude that the amended complaint in chancery was properly dismissed. Both the second amended petition in the probate proceeding and the amended complaint in chancery joined the same parties defendant and the allegations of the complaints are substantially similar. Section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c)) provides as a ground for dismissal "that there is another action pending between the same parties for the same cause." The words "same cause" and "same parties" have been construed to mean substantially the same, but not identical. Actions are for the "same cause" when in both cases the relief requested is on substantially the same set of facts. (*Skolnick v. Martin* (1964), 32 Ill. 2d 55, 59-60; *Baker v. Salomon* (1975), 31 Ill. App. 3d 278, 282.) Therefore, as the parties and the cause are

substantially the same in both the probate petition and the chancery complaint, the trial court properly dismissed the chancery complaint.

The judgments are affirmed.

Affirmed.

UNVERZAGT and NASH, JJ., concur.