*In re* ESTATE OF IRENE PEKOL, Deceased (Raymond Pekol, Petitioner-Appellant, v. The Estate of Irene Pekol, Deceased, Respondent-Appellee).

Third District   No. 3—86—0042

Opinion filed October 7, 1986.

Thomas M. Monahan, of Joliet, for appellant.

Paul Bjeckich, of Joliet, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The petitioner, Raymond Pekol, appeals from the trial court's dismissal of his amended motion to be appointed executor and declared sole devisee of the estate of his former wife, Irene Pekol. The petitioner contends that the court erroneously applied the prospective law in effect on Irene's date of death, rather than the law which existed on the date Irene executed her will.

The underlying facts are as follows. On February 19, 1957, Irene executed her last will and testament and bequeathed all her real and personal property to her husband, the petitioner. In the event the petitioner predeceased her, Irene devised her estate to her sisters, Elsie Lewandowski and Lempi Hart. Irene died on February 25, 1983. The following April 8 the court appointed Elsie and Lempi independent executors. In January of 1984 the petitioner entered his appearance as legatee and devisee. On June 8 the executors filed an affidavit, an inventory, and the final report which indicated that all administrative claims and expenses had been paid and that all assets had been distributed to Irene's siblings. Four days later the court approved the final report and discharged the executors.

In June of 1985 the petitioner filed a petition to reopen the estate. The parties subsequently agreed to reopen the estate, and the court reappointed Elsie and Lempi independent executors. The petitioner then filed an amended motion to be appointed executor, to be designated sole devisee, to be reimbursed for his homestead interest, and for an accounting. In his motion, the petitioner alleged that after his marriage to Irene in 1956 they were briefly separated but cohabited for 13 years prior to her death. Irene neither changed nor destroyed nor revoked her will. She expressly stated that the will appropriately disposed of her estate and carefully preserved and reaffirmed her will.

The co-executors moved to dismiss the petition, arguing that the petitioner's dissolution (the dissolution) extinguished his rights to Irene's estate and that those rights were not revived by his cohabitation with Irene. The court agreed and further found that the 1961 decree of divorce forever barred the petitioner from claiming alimony, dower, or homestead from Irene. Thus the court ruled that the petitioner's rights to serve as executor and to share in Irene's estate were revoked.

On appeal the petitioner suggests that this court apply the revocation statute in effect when Irene executed her will rather than the revocation statute effective on Irene's date of death.

■■ On February 25, 1983, section 4—7 of the Probate Act of 1975 provided in pertinent part that a testator's dissolution of marriage revokes every legacy or interest given to, or nomination to fiduciary office of, the testator's former spouse in a will executed prior to entry of the judgment of dissolution; and further provided that the will takes effect as if the former spouse predeceased the testator. (Ill. Rev. Stat. 1983, ch. 110½, par. 4—7.) That provision is substantively similar to the revocation provision in the 1965 amendment to the Probate Act which has been held applicable to wills executed prior to its effective date. (See *Roeske v. First National Bank* (1980), 90 Ill. App. 3d 669, 413 N.E.2d 476.) As the court pointed out in *In re Estate of Shelton* (1974), 19 Ill. App. 3d 542, 311 N.E.2d 780, the 1965 amendment clarified the dilemma created when the 1957 statute provided that a dissolution could effect a revocation but did not specify whether it applied to wills executed prior to its enactment. The legislature clearly stated that the 1965 amendatory act applied to wills of decedents executed prior to 1965 but not changed prior to the testators' deaths after December 31, 1965. (19 Ill. App. 3d 542, 311 N.E.2d 780.) Consequently, pursuant to the revocation statute effective on Irene's date of death a divorce, in effect, destroys an ex-spouse's interest under the will. See 19 Ill. App. 3d 542, 311 N.E.2d 780.

■■ We find, therefore, that the petitioner neither had cause for complaint (see *In re Estate of Stolte* (1967), 37 Ill. 2d 427, 226 N.E.2d 615), nor had the right to inherit from his cohabitant. Strong public policy upholding the institution of marriage prohibits a man from inheriting from a woman whom he "technically divorced" despite their cohabitation until her death. *In re Estate of Biewald* (1984), 127 Ill. App. 3d 269, 468 N.E.2d 1321.

In 1961 the petitioner's marriage to Irene was dissolved. She never changed her 1957 will. When Irene died in 1983, the petitioner was not her surviving spouse. Thus, we defer to the legislative rule of construction which clearly affected existing wills that had been previously drawn. (See *In re Estate of Zimmerman* (1975), 28 Ill. App. 3d 107, 328 N.E.2d 199.) Since Irene expressed no contrary intent, we find that both the petitioner's legacies and his fiduciary appointment were revoked.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SCOTT, P.J., and HEIPLE, J., concur.