In re the ESTATE OF Lloyd
BEARE, Deceased.

Joseph J. BECKER, et al., Respondents,

v.

Stephen C. BEARE, et al., Appellants.

No. 62675.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 6, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 9, 1993.

Case Transferred to Supreme
Court Sept. 28, 1993.

Case Retransferred to Court of
Appeals Dec. 21, 1993.

Original Opinion Reinstated Jan. 10, 1994.

Courtney Shands, Jr., Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, for appellants.

Joseph J. Becker, Sharon E. Burke, Becker, Dufour, Yarbrough, Berndsen & Burke, Clayton, David P. Oetting, Daniel M. Berger, Curtis, Oetting, Heinz, Garrett & Soule, P.C., St. Louis, for respondents.

PUDLOWSKI, Judge.

This is an appeal from an order of the Probate Division of the Circuit Court of St. Louis County construing the will of Lloyd Beare. Appellants, Stephen C. Beare and Lloyd M. Beare, contend that the trial court erroneously revoked a trust in their favor. Reversed and remanded.

## I. *Facts*

Lloyd and Patricia Beare were married on April 7, 1965, and remained married for twenty-five years until they divorced on May 18, 1990. During their marriage, the couple had two sons (appellants). In addition, Lloyd had four older children by a prior marriage (respondents). On July 13, 1990, Lloyd died testate. His will, dated June 1, 1983, was admitted to probate and letters testamentary were issued to his attorney. The will gave Lloyd's wife Patricia a life estate in a pecuniary bequest, with a remainder to appellants if Patricia survived Lloyd or, alternatively, directly to appellants if Patricia were to predecease Lloyd.

The pertinent language in the will provides:

*ARTICLE THREE: Bequest of residue.* I give, devise and bequeath all of the rest, residue and remainder of the property which I may own at the time of my death ... to JOSEPH J. BECKER, as Trustee, in trust, to hold and administer the same ... as hereinafter provided.

\*    \*    \*    \*    \*    \*

(1) If my wife, PATRICIA M. BEARE, shall survive me, the Trustee shall set aside as a separate trust, to be held and administered in accordance with the provisions of the Spouse's Trust, an amount which, when added to the total of other assets allowable as a marital deduction in the Federal Estate Tax proceedings in my estate, will equal One Million Five Hundred Thousand and 00/100 ($1,500,-000.00)....

\*    \*    \*    \*    \*    \*

All remaining trust property shall be held and administered by the Trustee in accordance with the provisions of the Family Trust.

(2) If my said wife should predecease me, all of the property constituting the bequest in Article 3 Paragraph 1, shall be disposed of as follows:

(a) To my two children, Stephen C. Beare and Lloyd M. Beare, in equal shares, share and share alike to be distributed as follows:

(i) To each child who has reached the age of twenty-five (25) years and survives me, his share outright.

(ii) If either child is under the age of twenty-five (25) years such child's share in trust under the provisions of the Children's Trust in Article 6 of this my Last Will and Testament.

\*    \*    \*    \*    \*    \*

*ARTICLE FOUR: Spouse's trust.* With respect to any portion of the trust estate which the Trustee is directed to administer pursuant to the Spouse's Trust:

\*    \*    \*    \*    \*    \*

(2) During the lifetime of my wife, the Trustee shall pay to her the entire net income of this trust in monthly or other

convenient installments, but not less frequently than annually;

\* \* \* \* \* \*

(3) Upon the death of my wife, any accrued or undistributed income in this trust shall be paid to the estate of my wife and the entire principal of this trust shall be disposed of as follows:

\* \* \* \* \* \*

(a) The Trustee shall, unless my wife's will directs otherwise ... pay ... the taxes payable by reason of my wife's death....

\* \* \* \* \* \*

(b) The remaining corpus, after the deductions provided in paragraph 3(a) above shall have been made, in equal shares to our two children, Lloyd M. Beare and Stephen C. Beare, share and share alike, subject to the restrictions contained in paragraph (c).

\* \* \* \* \* \*

(c) If, at the time of my wife's death, either of the children, Lloyd M. Beare and Stephen C. Beare, born of my marriage with Patricia M. Beare shall be under the age of twenty-five (25) or shall have predeceased her, then that child's share shall be paid to the Trustee and administered in accordance with the provisions of the Children's Trust hereinafter set out in Article Six. If at the time of my wife's death, either of these said children shall have attained the age of twenty-five (25), then such child's share shall be distributed to him outright.

\* \* \* \* \* \*

ARTICLE FIVE: *Family Trust.* With respect to that portion of the trust estate, if any, which the Trustee is directed to administer in accordance with this Family Trust:

The Trustee shall hold the entire trust estate in trust for the benefit of my mother, DOROTHY E. BIGGS, and my children, JOHN L. BEARE, JAMES P. BEARE, JAN E. TERRY, JEFFERY J. BEARE, LLOYD M. BEARE and STEPHEN C. BEARE.

(1) The Trustee shall distribute income of the trust estate as follows:

(a) One Hundred and 00/100 ($100.00) Dollars per month or such sum as the Trustee in his sole discretion determines she needs for her health, welfare, maintenance and support, to my mother, DOROTHY E. BIGGS....

\* \* \* \* \* \*

(b) One thousand and 00/100 ($1,000.00) Dollars per month to each of my children....

\* \* \* \* \* \*

(2) The above income distribution shall continue until the death of my mother or such time as my youngest living child shall reach the age of twenty-one (21), whichever event shall be later....

\* \* \* \* \* \*

(5) Upon the death of my mother, or when my youngest living child attains the age of twenty-one (21) years, whichever event shall be later, the principal of the trust shall be distributed free and clear of trust as provided hereafter. The Trustee is directed to divide the principal and any accrued income of the trust estate into equal shares, one such share for each child of mine....

\* \* \* \* \* \*

The Trustee shall distribute to each child or descendant who has reached the age of twenty-one (21) years said child's or descendant's share of the trust principal free and clear of trust.

\* \* \* \* \* \*

ARTICLE SIX: *Children's Trust:* With respect to each and every portion of the trust estate which the Trustee [is] directed to administer pursuant to this children's trust:

(1) The Trustee is directed to divide this entire trust estate into such number of equal shares as may be necessary and sufficient to provide one such share for each child born of my marriage with PATRICIA M. BEARE who shall then be

living under the age of twenty-five (25)....

\* , \* \* \* \* \*

*ARTICLE FOURTEEN:* ... The interest of the beneficiaries in the income of principal of any trust created hereunder shall not be subject in any way to the claims of their creditors, and may not be voluntarily alienated or encumbered except as otherwise expressly provided herein....

Before Patricia and Lloyd Beare were divorced, they had been separated for two and one half years. Lloyd Beare was in the hospital for three weeks before he died. He did not change his will before his death, although he discussed doing so.

When Lloyd signed his will in 1983 his estate was worth approximately three million dollars. At the time of this action, which followed on the heels of a divorce settlement and the collection of federal estate taxes, his net estate was valued at approximately 1.4 million dollars.

This action was commenced by the personal representative who, after alleging the existence of a dispute among the several legatees regarding the interpretation of Article Three of the will, said he was uncertain to whom the bequests in the will should be paid. The personal representative asked the Probate Division to construe the will, and the parties filed their pleadings.

Appellants maintained that the will was not ambiguous and that appellants were entitled to the first 1.5 million dollars of the estate, which is to say all of it. Respondents position was that the will was ambiguous and properly construed, the entire estate was to go into the residuary trust. The trial court ruled that the will was ambiguous and allowed external evidence of Lloyd's intent. The trial court, upon hearing the evidence, ruled that the provisions in the will regarding the marital trust were invalid including the provisions that gave appellants a remainder and ordered that the entire estate be placed in the residuary trust. In the written opinion issued the trial court states:

the provision in the will that Patricia M. Beare must predecease the decedent before Stephen and Lloyd Michael take under paragraph (2) prevails over the provision in section 474.420 that a spouse is considered by legal fiction to have died at the time of the divorce. Patricia M. Beare did not predecease decedent, the condition of paragraph (2) was not met, the paragraph is not operative, and Stephen and Lloyd Michael do not take under it.

In essence, the trial court held that the provision in the will creating a life estate in Patricia and a remainder in appellants was not met because Patricia did not in fact die, even though the relevant statute provides that the will is to be construed as though the spouse predeceased upon divorce. § 474.-420, RSMo 1986. For the reasons stated below we disagree.

## II. *Meaning of the Will*

The facts of the case are not in dispute. Whether an ambiguity exists in a will is a question of law and the reviewing court is free to make its own determination as to the meaning of the will. *Boatmen's Trust Co. v. Sugden,* 827 S.W.2d 249, 254 (Mo.App.1992); *Naylor v. Koeppe,* 686 S.W.2d 47, 49 (Mo.App.1985). We review declarations of law *de novo. Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We differ with the trial court's holding that the will was ambiguous. A reading of the will indicates that the testator contemplated dual trusts. The first trust, referred to as the "Spousal Trust," was to have a monetary value of 1.5 million dollars. This trust directed that if Patricia survived Lloyd, she would be entitled to the benefits of the trust for life, and upon her death, the after tax remainder of the trust would be divided among the two appellants share and share alike. Alternatively, the Spousal Trust provided that if Patricia predeceased Lloyd, appellants would share the trust equally. The second trust, denominated the "Family Trust," directed a trust be set up with whatever portion of Lloyd's estate was left over, "if any," to benefit all six of Lloyd's children and his mother. The provisions of the will are clear. The depletion in value of the estate which results in the entire estate passing to appellants is a change in external circumstances

and has no bearing on the will. § 474.420 RSMo 1986. Furthermore, the phrase "if any" contained in the Family Trust contemplates a possible shortfall in funds.

### III. *Section 474.420*

■ The remaining question concerns the effect on the will of Lloyd's divorce from Patricia one month before his death. Section 474.420 RSMo 1986 provides:

**474.420 Change in circumstances**

If after making a will the testator is divorced, all provisions in the will in favor of testator's spouse so divorced are thereby revoked but the effect of the revocation shall be the same as if the divorced spouse had died at the time of the divorce. With this exception, no written will, nor any part thereof, can be revoked by any change in the circumstances or condition of the testator.

Our Supreme Court has indicated that the language contained in the statute is plain and unambiguous. *Matter of Estate of Bloomer*, 620 S.W.2d 365, 367 (Mo. banc 1981). The court observed that the statute revokes the provisions in a will in favor of a divorced spouse. *Id.* The court further noted that the divorce results in a constructive death of the testator's spouse with respect to the will. *Id.* The court concluded that the language of the statute was plain and unambiguous and required no construction liberal or otherwise. *Id.*

Cases from other jurisdictions whose probate codes contain similar provisions stipulating that upon divorce, the spouse is to be treated as predeceasing the testator are in accord. *Matter of Estate of Finlay*, 430 Mich. 590, 424 N.W.2d 272 (1988); *Matter of Estate of Knudsen*, 322 N.W.2d 454 (N.D. 1982); *Matter of Estate of Seymour*, 93 N.M. 328, 600 P.2d 274 (1979); *In re Will of Schneider*, 159 N.J.Super. 202, 387 A.2d 416 (Sur.1978); *Webster v. Larmore*, 270 Md. 351, 311 A.2d 405 (1973); *Bowling v. Deaton*, 31 Ohio App.3d 17, 507 N.E.2d 1152 (1986); *Roeske v. First National Bank of Lake Forest*, 90 Ill.App.3d 669, 46 Ill.Dec. 36, 413 N.E.2d 476 (1980); *Matter of Estate of King*, 39 Or.App. 239, 592 P.2d 231 (1979); *In re Estate of Zimmerman*, 28 Ill.App.3d 107, 328 N.E.2d 199 (1975); *In re Estate of Shelton*, 19 Ill.App.3d 542, 311 N.E.2d 780 (1974). Most courts interpreting probate codes without a provision regarding the effect of divorce on the interpretation of a will have supplied the predeceased effect by judicial fiat. *Bloom v. Selfon*, 520 Pa. 519, 555 A.2d 75 (1989); *Matter of Estate of Graef*, 124 Wis.2d 25, 368 N.W.2d 633 (1985); *McGuire v. McGuire*, 275 Ark. 432, 631 S.W.2d 12 (1982); *Russell v. Johnston*, 327 N.W.2d 226 (Ia.1982); *Porter v. Porter*, 286 N.W.2d 649 (Ia.1979); *Jones v. Brown*, 219 Va. 599, 248 S.E.2d 812 (1978); *First Church of Christ, Scientist v. Watson*, 286 Ala. 270, 239 So.2d 194 (1970); *Calloway v. Estate of Gasser*, 558 S.W.2d 571 (Texas Civ.App.1977); *In re Estate of Fredericks*, 311 So.2d 376 (Fla.App. 1975); *Steele v. Chase*, 151 Ind.App. 600, 281 N.E.2d 137 (1972). In all of these cases the effect of divorce on the provisions of the will was to treat the divorced spouse as though he/she was predeceased.

We conclude that the clause in section 474.420 is plain and unambiguous. The effect is that upon divorce the testator's spouse "dies" for the purposes of implementing the other provisions of the will. Thus, each pertinent provision of the will is to be construed as though the divorced spouse predeceased the testator.

■ Applying section 474.420 to the case at bar leads to an unequivocal result. The will contemplated two possible outcomes; either Patricia would survive Lloyd or she would not. The will did not contemplate divorce and, in cases like this one, the legislature has given clear guidance in section 474.420 that all provisions relevant to the divorced spouse are revoked and the effect of the revocation, upon the will, is that the divorced spouse is considered to predecease the testator. Patricia constructively predeceased Lloyd under the provisions of the Spousal Trust. The first 1.5 million dollars of the estate passes to appellants.

### IV. *Attorney's Fees*

■ Appellants claim that it was error to award attorney's fees to the personal representative of the estate for bringing an ac-

tion to construe the will because the personal representative drafted the will. We disagree. The reasons for the difficulties in construing the will in the instant case emerge from a change in the external circumstances of the testator and not from ambiguities in the document itself. The probate court has the discretion to award reasonable attorney's fees to the personal representative of an estate, against the assets of the estate, for any time expended in pursuing a will construction action. *See Traders National Bank of Kansas City v. Levine,* 528 S.W.2d 497, 501 (Mo.App. W.D.1975). Attorney's fees are not an allowable item to any party, other than the personal representative, against an estate in a will construction case where no trust is involved. *Magruder v. Magruder,* 525 S.W.2d 400, 408 (Mo.App. E.D.1975). In the instant case, we see no reason to question the probate court's discretionary award of attorney's fees.

### V. *Conclusion*

The judgment of the probate court is reversed and the cause is remanded for distribution of the estate in accordance with this opinion.

CRANDALL, P.J., concurs.

GRIMM, J., dubitante.