[No. A069050. First Dist., Div. Five. Nov. 9, 1995.]

Estate of JOHN R. HERMON, Deceased.
CURTIS HERMON, Contestant and Appellant, v.
FERNANDO URTEAGO et al., Claimants and Respondents.

## Counsel

James R. Benoit for Contestant and Appellant.

William M. Andrews and Barry L. Adams for Claimants and Respondents.

## Opinion

KING, J.— In this case we hold that provisions in a decedent's will, which was executed during a marriage that had been dissolved prior to his death, granting certain bequests in the event his spouse predeceased him to "my children and my spouse's children" and "my issue and my spouse's issue" fail as to "my spouse's children" and "my spouse's issue," absent an expression of intent that the bequest was to survive a dissolution of the marriage.

The trial court was called upon to construe the will of John R. Hermon (testator), who was married at the time he executed the will but whose marriage was dissolved prior to his death. It is clear that after the dissolution, by operation of Probate Code section 6122[1], all the testamentary bequests made to the testator's former spouse were revoked. Specifically, the question in this case involves the status of the testator's bequests to "my spouse's children" and "my spouse's issue." The testator's natural child, Curtis Hermon, appeals from the trial court's ruling that, notwithstanding the marital dissolution, he is to share his testamentary gifts with the former spouse's four children. We reverse.

### Facts

The case was tried in the superior court upon a written stipulation of facts. John R. Hermon died on May 8, 1993. His will, dated March 6, 1974, was admitted to probate. At the time the testator executed his will he was married to Suzanne Hermon. She had four children. The Hermons' marriage was dissolved effective December 31, 1986. The testator was not married at the time of his death. The will lacks any specific provision with respect to marital dissolution, and there is no reason to believe he gave any thought to that possibility at the time of execution. The will remained in its original form, unrevised prior to the testator's death.

Curtis Hermon, the testator's sole living natural child, filed a petition under section 11700 requesting the court to interpret and construe the

---

[1]All statutory references are to the Probate Code unless otherwise indicated.

provisions of his father's will. In the introductory portion of the will, it is stated, "I am married to SUZANNE HERMON and all references in this Will to 'my spouse' are to her." Immediately following is a provision stating: "My spouse has four (4) children now living whose names are: FERNANDO URTEAGO, JOHN J. URTEAGO, INEZ URTEAGO, [and] SANDY JOHANSON." The dispositive provisions of the will cause property not the subject of a specific bequest to pass to decedent's spouse if she survives him for 30 days and if not to "my children and my spouse's children who survive me for that period." The residuary clause provides for the residue of the estate to pass to decedent's spouse if she survives him for 180 days and if not to "my issue and my spouse's issue who survive me for that period."

The issue presented involves the construction of this will in light of the fact that the testator's marriage to Suzanne Hermon was dissolved in 1986. It also involves the revocatory effect of section 6122, which is modeled after Uniform Probate Code section 2-508. Section 6122 provides, in pertinent part: "[I]f after executing a will the testator's marriage is dissolved or annulled, the dissolution or annulment revokes . . . [¶] (a)(1) Any disposition or appointment of property made by the will to the former spouse. . . . [¶] . . . [¶] (c)(1) Property prevented from passing to a former spouse because of the revocation passes as if the former spouse failed to survive the testator." (See also *Estate of Reeves* (1991) 233 Cal.App.3d 651, 658 [284 Cal.Rptr. 650].) The operation of this type of statute has been graphically described as follows: "The effect is that upon divorce the testator's spouse 'dies' for the purposes of implementing the other provisions of the will. Thus, each pertinent provision of the will is to be construed as though the divorced spouse predeceased the testator." (*In re Estate of Beare* (Mo.Ct.App. 1993) 880 S.W.2d 562, 566.)

The parties' principal arguments here and below can be summarized as follows: decedent's former stepchildren (respondents) argue that section 6122 has the effect of revoking only those provisions of the will in favor of the former spouse (their mother) and that the statute should not be construed as having the effect of nullifying any portion of the will in favor of a former spouse's children. Respondents point out that if the Legislature desired such an effect, it would have so specified in the applicable statute. Instead "Section 6122 does not eliminate testamentary provisions for lineal descendants of a former spouse or a deceased spouse. The section is utterly silent as to lineal descendants."

In response, decedent's natural child (appellant) expresses the view that section 6122 is only peripherally involved in this dispute. Instead, his position is based on the alleged "ambiguity of the language of this specific

will in light of the extrinsic fact of divorce." Appellant characterizes the bequests to "my children," "my issue," "my spouse's children," and "my spouse's issue" as class gifts with class membership being determined at the time of the testator's death. At the time of the testator's death, appellant was the deceased's sole surviving child and clearly a member of the class. However, in light of the earlier dissolution, respondents no longer fit the description of "my spouse's children" or "my spouse's issue"; consequently appellant succeeds to an undivided portion of the estate. Appellant points out that this result is consistent with rules of construction favoring "blood" relative as against the "four strangers who are the children of the testator's former wife." (See *Wells Fargo Bank* v. *Title Ins. & Trust Co.* (1971) 22 Cal.App.3d 295, 302 [99 Cal.Rptr. 464]; 12 Witkin, Summary of Cal. Law (9th ed. 1990) Wills and Probate, § 244.)

The trial court rendered judgment finding, among other things, that the will was not ambiguous. The court concluded that by operation of section 6122, the provisions in favor of the testator's former spouse were revoked allowing the property to pass as if the former spouse predeceased the testator. The trial court further held that since the testator had manifested a clear intention that his children and his former wife's children were to share in his estate if for any reason his spouse could not, the estate should be distributed as follows: a four-fifths share to respondents, the children of Suzanne Hermon, and a one-fifth share to appellant, decedent's child. This appeal followed.[2]

*Standard of Review*

Neither party introduced any extrinsic evidence concerning the meaning of the language used by the testator. Consequently, it was solely a judicial function to construe the will and it becomes our function as a reviewing court to make an independent determination of the meaning of the will. (*Burch* v. *George* (1994) 7 Cal.4th 246, 254 [27 Cal.Rptr.2d 165, 866 P.2d 92]; *Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839]; *Estate of Russell* (1968) 69 Cal.2d 200, 213 [70 Cal.Rptr. 561, 444 P.2d 353].)

*Discussion*

The issue presented here is one of first impression in this jurisdiction. Respondents direct our attention to a line of out-of-state cases where the operation of "revocation by dissolution" statutes similar to section 6122 triggered a gift in favor of the relatives of the former spouse who, after the

---

[2]John J. Urteago, one of Suzanne Hermon's four children, is not a party to this appeal.

dissolution, were no longer relatives of the testator. (See, e.g., *In re Estate of Shelton* (1974) 19 Ill.App.3d 542 [311 N.E.2d 780] [upholding gift over to ex-wife's son in event she predeceased]; *In re Estate of Zimmerman* (1975) 28 Ill.App.3d 107 [328 N.E.2d 199] [upholding gift over to testator's two children and ex-wife's two children in event wife predeceased]; *Russell v. Estate of Russell* (1975) 216 Kan. 730 [534 P.2d 261, 74 A.L.R.3d 1102] [upholding gift of $1 to testator's sons and rest of estate to adopted son in event wife predeceases].)

While respondents' claim these cases are "directly on point" hard and fast rules are difficult to come by in this area. No two wills are exactly alike and few are sufficiently similar in the wording of dispository provisions so that a decision interpreting one is rarely any great help in interpreting another. (*Estate of Newmark* (1977) 67 Cal.App.3d 350, 355 [136 Cal.Rptr. 628]). This case is no exception. As appellant points out, there is a technical difference between the survivorship language of the governing instruments in the cited cases and the bequests to "my spouse's children" and "my spouse's issue" as employed in the instant case. In the cited cases, the testamentary gifts were made to beneficiaries identified by name. However, in the will now under consideration, the beneficiaries were described as a class, by their relationship to the testator. Thus, appellant argues, by employing such language granting bequests to "my spouse's children," and "my spouse's issue" the testator created "class gifts" and conditioned the gifts upon members of the class meeting that description at the time of the testator's death.

### Class Gifts

■ A devise or bequest to person or persons not individually named but within the class described by the testator, the number of which may increase or decease during the testator's lifetime, is generally a gift to a class and not to separate individuals. (See *Estate of McCallen* (1975) 53 Cal.App.3d 142, 150 [125 Cal.Rptr. 645]; *Estate of Haney* (1959) 174 Cal.App.2d 1, 12 [344 P.2d 16].). Since a will speaks as of the date of the testator's death, where there is a testamentary gift to a class, the members of the class are to be determined upon the testator's death. (Former § 6150, subd. (a), currently § 21113.)[3]

The trial court found that the critical dispositive provisions in this will created class gifts. Nevertheless, the court held that the testator's reference

---

[3]During the 1994 session, the Legislature reorganized and renumbered various portions of the Probate Code, including provisions relating to the interpretation of wills. The reorganization did not result in substantive change to this section.

to "my spouse's children" and "my spouse's issue" undeniably referred to the four individuals identified as Suzanne Hermon's children in the preamble to the will. In essence, the court determined that these testamentary bequests were gifts to Suzanne Hermon's children individually as opposed to members of a class.

We turn to the general rule stated in 80 Am.Jur.2d, Wills, section 1410, page 484: "The only universal rule for determining whether testamentary gifts to several persons are gifts to them as a class rather than as individuals is to ascertain the intention of the testator, which is controlling. The decisive inquiry is whether or not the testator, in making the particular gift in question, did so with 'groupmindedness,' whether, in other words, he was looking to the body of persons in question as a whole or unit rather than to the individual members of the group as individuals; if the former, they take as a class. Any additional circumstances which may be seized upon, such as the general scheme of the will, the manner and form in which the beneficiaries are designated, the particular language used, or the relationship of the parties and the circumstances surrounding the testator, are to be regarded merely as aids in ascertaining the testatorial intention." (Fns. omitted.)

 As pointed out, the intention of the testator as expressed in the testamentary instrument is always the polestar in the interpretation of a will. (§ 21102, former § 6140.) In the instant appeal, we have only the will itself, unaided by extrinsic evidence or circumstances to shed light on its meaning. We find it significant that the testator's former stepchildren are listed by name only in the preamble to the will for identification purposes. In the dispositive portions of the will, the words "my spouse's children" and "my spouse's issue" are used without naming any individuals, signalling the testator's paramount intention to describe the beneficiaries not as individuals but as members of a group identified by familial ties.

Consequently, the matter of relationship to the testator at the time of the testator's death should be taken into consideration. There is nothing in this will to indicate that the testator wanted to provide for "my *former* spouse's issue" or "my *former* spouse's children." We think it is a more logical construction to hold that when a testator provides for his spouse's children, he normally intends to exclude children of an ex-spouse after dissolution, unless a contrary intention is indicated elsewhere in his will. For the foregoing reasons we hold that the trial court was incorrect in determining that the children of the deceased's former spouse were members of a class which continued to exist after the marital dissolution and were entitled to share in the estate.

We further note that the Uniform Probate Code has been revised to address the very situation we are faced with in this appeal. The new Uniform

Probate Code section 2-804, which to date has not been adopted in California, revokes not only testamentary bequests to the former spouse but it also revokes bequests to the former spouse's relatives as well. The general predicate of this provision is that, during the dissolution process or in the aftermath of the dissolution, "the former spouse's relatives are likely to side with the former spouse, breaking down or weakening any former ties that may previously have developed between the transferor and the former spouse's relatives. . . ." (8 West's U. Laws Ann. (1983) Estate, Probate and Related Laws (1994 pocket supp.) p. 194.)

*Conclusion*

We arrive at an outcome consistent with the deceased's likely intent giving the language of his will a construction favoring the natural objects of his bounty. (*Estate of Stober* (1980) 108 Cal.App.3d 591, 599 [166 Cal.Rptr. 628].) If different language had been employed in the dispositive portions of the will, we may have reached a contrary result. This is an unsatisfactory and costly way to resolve these disputes. This case graphically demonstrates the necessity for legislative action to adopt a statute similar to Uniform Probate Code section 2-804 that simultaneously revokes a former spouse's and the former spouse's relatives' interest in the other spouse's estate at the time of dissolution. This statute would provide certainty for the courts and would also align the law with the general perception that any interest that an ex-spouse's family might have had in their former relative's estate is terminated after the dissolution.

The judgment is reversed. Each side shall pay its own costs.

Peterson, P. J., and Haning, J., concurred.

Respondents' petition for review by the Supreme Court was denied February 15, 1996. Mosk, J., was of the opinion that the petition should be granted.